PRICE v. DENVER & R. G. R'Y CO.

CARRIERS OF GOODS — CONNECTING LINES — FREIGHT. — A railway company which receives goods, consigned to a point on its line, in the usual course of business, from a connecting carrier, which has carried the goods to its terminus, is entitled to its reasonable freight charges, though the consignor had directed that the goods should be carried from the terminus of the first carrier to their destination by another carrier than the one to which they were delivered, where there is no evidence that the latter knew of such direction.

*Appeals from District Court of Pueblo County.*

Two actions of replevin by William H. Price against the Denver & Rio Grande Railway Company. Judgments for defendant, and plaintiff appeals.

Messrs. PITKIN & RICHMOND, for appellant.

Messrs. JOHN M. WALDRON and E. O. WOLCOTT, for appellee.

STALLCUP, C. A large quantity of salt in barrels was shipped by railway from Milwaukee or Chicago to Pueblo. The salt was received at Omaha from a connecting line, and carried from there to Denver by the Union Pacific Railway Company. Denver being the end of its line in the direction of Pueblo, it delivered the salt to the said railway company, appellee, to be carried by it on its connecting line from Denver to Pueblo; and accordingly the said railway company, appellee, paid the back charges

for carrying the salt to Denver, and received and carried it to Pueblo. The said William H. Price, the appellant, claiming to be the owner, and entitled to the possession, of the salt there, replevied the same from the said railway company, appellee, upon its refusal to deliver the same, upon tender of the said back charges by it paid, without tender or payment of the reasonable charges for carrying the salt from Denver to Pueblo; it being claimed that the said railway company, appellee, was not entitled to payment of such charges, for the reason that it had carried the salt without authority so to do, in that the consignor thereof had directed that the salt should be carried from Denver to Pueblo by another railway company, having a connecting line running from Denver to Pueblo.

A portion of the said salt was replevied in one of these actions, and the remainder thereof in the other. The issues and the evidence were substantially the same in the two cases. The court found the issues of fact for the railway company, appellee, in both cases, and gave judgment accordingly.

There was considerable evidence to show that the salt was received by the railway company, appellee, at Denver, from the Union Pacific Railway Company, in the usual and customary course of business between connecting lines of railroads, in good faith and belief that the said Union Pacific Railway Company had good right and authority to so deliver the same to be carried from Denver to Pueblo, and without knowledge that its authority in this regard was in any way limited; and there being no testimony that the said railway company, appellee, knew that the said Union Pacific Railway Company had been directed to deliver the said salt to another railway company at Denver for carriage to Pueblo, the findings in this regard were warranted by the evidence.

The railway company, appellee, having so received and carried the salt from Denver to Pueblo, the question

arises, Was it entitled to have its reasonable charges therefor, and to have a lien upon the said salt until such charges were paid? If the consignor does not accompany the goods so shipped, some one must act as his agent at the end of the several lines over which the goods are carried, in the matter of selecting a connecting line, and delivering the goods to such connecting line, to be carried on to their destination. In the absence of any other person the carrier so acts at the end of its line. *Briggs v. Railroad Co.* 6 Allen, 246. There being no other person to so act in this instance at the end of the line of the said Union Pacific Railway Company, that company's action in the matter was as the agent of the consignor, and accordingly bound him. The acts of such agent being within the scope of the business in hand, and clearly within the powers apparent from and implied by the circumstances, it must follow that the limitations thereon imposed by the consignor were without effect upon a succeeding carrier, dealing with such agent without knowledge thereof. And the rights of such carrier so receiving and carrying the goods would be the same as if no such limitations had been put upon the agent's authority in the matter of forwarding the goods. *Higgins v. Armstrong,* 9 Colo. 38; *Patten v. Railroad Co.* 29 Fed. Rep. 590. See *Schneider v. Evans,* 9 Amer. Law Reg. (N. S.) 536, and note. The judgments should be affirmed.

RISING, C., concurs specially. DE FRANCE, C., concurs.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*